John C. ROGERS, Plaintiff-Appellant,

and

The Hartford Accident & Indemnity Company, Plaintiff in Intervention,

v.

NORTHERN RIO ARRIBA ELECTRIC COOPERATIVE, INC., a corporation, Defendant-Appellee.

No. 76–2123.

United States Court of Appeals, Tenth Circuit.

Argued May 8, 1978.

Decided Aug. 9, 1978.

against Rio Arriba for damages sustained by him as a result of Rio Arriba's alleged negligence arising out of its construction and maintenance of its electrical distribution lines.

Rogers' employer carried workmen's compensation insurance with Hartford Accident & Indemnity Company. Hartford later intervened and sought indemnification, in the event Rogers recovered from Rio Arriba, in the amount paid Rogers as workmen's compensation benefits, which by the time of trial amounted to some $39,000.

Rio Arriba denied negligence and affirmatively alleged that Rogers' injuries resulted from his own negligence or that of his employer. Trial of the matter extended over some nine days and resulted in a verdict for Rio Arriba. Rogers now appeals the judgment entered in favor of Rio Arriba and urges one ground for reversal, namely, the giving of an instruction concerning Hartford and its interest in the proceeding. Under the circumstances, we find no prejudicial error in the giving of that instruction and we therefore affirm.

Steven L. Tucker, Santa Fe, N. M. (Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, N. M., on the brief), for plaintiff-appellant.

Paul D. Barber, Albuquerque, N. M. (James C. Ritchie of Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., on the brief), for defendant-appellee.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a diversity action sounding in tort. John C. Rogers was injured in an accident arising out of and in the course of his employment with Beasley's Hot Shot Service. Rogers and his fellow employees were engaged in moving well drilling equipment on a truck over a public highway in the State of New Mexico. During the course of such employment, Rogers came in contact with certain electrical distribution lines owned and maintained by Northern Rio Arriba Electric Cooperative and suffered serious personal injuries. Rogers brought suit

Before further detailing the record as made at trial, it might be helpful to refer to the instruction here challenged and to then set forth the position of Rogers in this court as regards that instruction. The instruction in question is set forth as an appendix to this opinion, and reference thereto should be made at this point. Rogers argues in this Court that this instruction is an incorrect statement of the law in three particulars, and further that even if the instruction were technically correct, it was improper to give any instruction on the subject since it was not relevant to any issue in the case and was highly prejudicial to him. As concerns the first matter, Rogers states that the instruction given was incorrect in the following particulars: (1) In the first paragraph where the jury is informed that the claim of Hartford is a matter to be determined by the jury; (2) in the fourth paragraph where the jury is informed that, under New Mexico law, Hartford could sue and seek indemnification from the other party for benefits paid the injured employ-

ee; and (3) in the last paragraph where the jury is informed that Hartford will receive the "first $39,132.00" of any award given Rogers, with Rogers receiving the overage, if any.

The instruction here under attack must be viewed in trial context. Hartford sought and obtained leave of court to file a complaint in intervention wherein it sought judgment against Rio Arriba for the monies it had paid Rogers as workmen's compensation benefits. No question was raised as to Hartford's right to intervene. Immediately prior to trial, during an informal conference in the trial judge's chambers, counsel for Hartford informed the court that although he desired to be present in court at the beginning of the trial, he did not intend to thereafter participate in the trial and that he in fact proposed to absent himself from further proceedings. This was acquiesced in by all concerned and, although the record is not entirely clear, the trial judge apparently indicated that he would take care of the carrier's interest by appropriate instruction.

As *voir dire* of the jury began, counsel for Rogers and Hartford were seated together at one table. In his preliminary remarks, the trial judge identified the parties to the proceeding, including Hartford, and introduced counsel to the jury, including counsel for Hartford. The trial judge, in so many words, advised the jury that, though Hartford sought reimbursement for compensation it had paid Rogers, it would not actively participate in the trial and that the jury would be instructed at the proper time concerning Hartford's role in the case. No objection was voiced to such comment.

In his opening statement to the jury, counsel for Rogers made reference to Hartford with the following comment:

The proof will show, and Judge Bratton has already mentioned to you the part of Hartford Accident and Indemnity Company in this case, and I would like to comment on that at this time.

Hartford was a workmen's compensation carrier for Beasley's, the trucking company. So, they were required to pay for the medical care of Mr. Rogers, and they have paid to date approximately $30,000, the medical care, the hospital care of John Rogers.

And they have paid on workmen's compensation, a weekly payment; the exact figure will be, may be presented to you. It is of no particular concern. Hartford's concern in this case is to recover, if a judgment is rendered for Mr. Rogers, to recover from NORA what it has expended in workmen's compensation benefits.

The amount of compensation paid Rogers by Hartford was stipulated during the trial to be in the sum of $39,132.

In colloquy between the court and counsel *prior* to instructing the jury, counsel for Rogers voiced the following objection to the instruction relating to Hartford:

As to the instructions proposed to be given by the Court, instruction appearing at Page 13, submitted by the defendant, we believe, Your Honor, that it contains quite a bit of unnecessary recital of the law, particularly as between Mr. Rogers and his employer, and it need not—

\*     \*     \*     \*     \*     \*

Well, I think that the second paragraph and the last paragraph tell them everything without making a two-page instruction on something they really have to deliberate on. It's not really an issue for them and—

*After* the instructions were given the jury, counsel made the following formal objection to the instruction here under attack:

The plaintiff objects to instruction given to the jury which commences at Page 13 and ends at Page 14 considering the claim of Hartford Accident and Indemnity Company for workmen's compensation benefits, upon the ground that the wording contained therein, repetitious wording, instructs the jury on an issue not present in the case, that is the rights that may or may not have existed between the plaintiff and his employer, Beasley's Hot Shot Service and, therefore, introduces a false issue.

■ Under the circumstances above described, Rogers is in a poor position to argue that it was error to give *any* instruction concerning Hartford and its claim for reimbursement. Hartford intervened in the action brought by Rogers against Rio Arriba and was thereafter a named party plaintiff in the proceeding. As a part of *voir dire* the trial court identified Hartford as one of the parties to the suit and introduced to the jury its counsel, along with counsel for Rogers and Rio Arriba. The trial judge further advised the jury, without objection, that counsel for Hartford would not actively participate in the trial, and that the jury would be fully instructed at the proper time concerning Hartford's interest in the entire proceedings. And then to make it crystal clear, counsel for Rogers in his opening statement to the jury did himself apprise the jury of Hartford's interest in the case. Rogers later stipulated that he had in fact received from Hartford the sum of $39,132 as compensation benefits. Under all these circumstances it would have been improper to fail to give any instruction concerning Hartford. Having himself fully explained to the jury Hartford's role in the case, Rogers is in no position to complain, successfully, that it was error to give *any* instruction regarding Hartford.

■ Fed.R. of Civ.P. 51 provides, in effect, that objections to instructions shall state "distinctly" the matter objected to and the grounds of the objection, otherwise such may not be assigned as error on appeal. In this court, counsel contends that the instruction on Hartford was incorrect in three particulars, and the allegedly incorrect statements are, of course, pointed out with specificity. However, we find nothing in the record of the proceedings in the trial court to indicate that the trial court was in any way apprised of the particular matter relied on here for reversal. The objection in the trial court was that the instruction was too long, tended to be repetitious, and that the second and last paragraphs in the instruction would have sufficed. There was no statement to the effect that there were incorrect statements of the law in the first, fourth and last paragraphs of the instruc-

tion. In our view, the allegedly incorrect statements in the instruction relied on in this court for reversal were not brought to the attention of the trial court, and hence under Rule 51 cannot now be assigned as error. The purpose of Rule 51 is at least two-fold, namely, to make it abundantly clear to the trial court the objecting party's position, and secondly, to afford the trial judge the opportunity to make changes or corrections, if he be so inclined. *Franklin v. Shelton*, 250 F.2d 92, 98 (10th Cir. 1957). The objection to the instruction made by Rogers in the trial court does not measure up. Additionally, we are of the view that the language in the instruction complained about here is substantially correct and further, that any possible error was under the circumstances harmless.

In the initial stages of the appeal, Rio Arriba filed a motion to summarily affirm on the ground that Rogers' objection to the instruction in the trial court was nonspecific and did not comply with Rule 51. Memoranda were submitted, both in support of, and in opposition to, this motion. We then denied the motion. Rogers suggests that by denying Rio Arriba's motion to summarily affirm, we have already held, in effect, that his objections as made in the trial court comported with Rule 51. We disagree. By our earlier action, we merely declined to summarily affirm, and in so doing indicated that we wanted the matter fully briefed and argued.

As mentioned at the outset, the trial of this case took some nine days, and the only matter urged here as ground for reversal relates to the giving of one instruction. We are convinced that, during the trial proper, Hartford's role in the controversy was only a minor matter. It was only after an adverse jury verdict was returned that the matter assumed great importance in the eyes of Rogers. An appellate court "must guard against the magnification on appeal of instances which were of little importance in their setting." *Glasser v. United States*, 315 U.S. 60, 83, 62 S.Ct. 457, 471, 86 L.Ed. 680 (1940) and *Lane v. Wallace*, No. 76–2172, 579 F.2d 1200 (10th Cir., July 5, 1978).

Judgment affirmed.

Appendix to follow.

## APPENDIX

You also have for determination in this case, the claim of the Hartford Accident and Indemnity Company for sums of money which it paid to the plaintiff under the Workmen's Compensation Act of New Mexico. This Act obligates the employer, in this case, Beasley's Hot Shot Service, to provide compensation under the Act for employees, such as the plaintiff, who may suffer accidental injury arising out of and in the course of their employment. Where such compensation is provided, as required by the Act, the employee is not entitled to recover from the employer on account of such injury.

The Beasley Hot Shot Service did provide Workmen's Compensation insurance coverage through the Hartford Accident and Indemnity Company pursuant to the requirements of the New Mexico Workmen's Compensation Act; and in keeping with the provisions of that Act, the Hartford Accident and Indemnity Company paid to the plaintiff installments of compensation in the amount of *$9,815.00*, and medical benefits in the amount of *$29,317.00*, for total benefits paid of *$39,132.00*. As a result of the payment of these benefits as required by the New Mexico Workmen's Compensation Act, the plaintiff, John C. Rogers, is not entitled to claim or recover damages for his injury from Beasley Hot Shot Service.

However, the New Mexico Workmen's Compensation Act permits the employee to sue any person other than his employer, if the employee claims such other person was at fault and liable for his injuries.

Here, the plaintiff employee is suing the defendant NORA claiming that it is liable for his alleged injuries. The New Mexico Workmen's Compensation Act also permits the plaintiff's employer's workmen's compensation insurance carrier to sue and claim indemnification from such other person for compensation benefits paid and medical benefits paid to or on behalf of the employee.

In this case, it is admitted by the parties that the Hartford Accident and Indemnity Company insured the plaintiff's employer, Beasley Hot Shot Service, under the New Mexico Workmen's Compensation Act, and that that insurance company paid the benefits heretofore enumerated as provided by the Act.

So, if the plaintiff is entitled to recover damages from the defendant, NORA, under the evidence in this case and the law as given in these instructions, then the Hartford Accident and Indemnity Company is entitled to reimbursement out of and from the plaintiff's damages to the extent of *$39,132.00*. Accordingly, if the plaintiff is entitled to recover damages from the defendant, you should award him the full and complete amount of those damages under the instructions I have given you, and the Court will see to the allocation of those damages, with the plaintiff Hartford Accident and Indemnity Company receiving the first *$39,132.00* and the plaintiff receiving the balance, if any.

You are not to discuss damages unless you have first determined that there is liability.