**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Michael SMEGAL,
Defendant-Appellant.**

No. 84–2614.

United States Court of Appeals,
Tenth Circuit.

Sept. 13, 1985.

Larry Gomez, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., Albuquerque, N.M., on brief), for plaintiff-appellee.

Frank A. Baca, Albuquerque, N.M., for defendant-appellant.

Before HOLLOWAY and MOORE, Circuit Judges, and CROW, District Judge *.

JOHN P. MOORE, Circuit Judge.

James Michael Smegal appeals from a conviction for possession and distribution of cocaine. His trial defense was entrapment, and his appeal is predicated principally upon asserted errors in the instructions given upon that defense. We have considered the instructions in light of these asserted errors and have concluded there is no merit to defendant's contentions; therefore, we affirm.

At trial, defendant took the stand and admitted he committed the acts underlying his indictment. He claimed, however, that he was induced to commit these acts by a government informer. Accordingly, he requested an instruction on the defense based upon the format instruction in Devitt and Blackmar, Federal Jury Practice and Instructions § 13.09 (1977).[1] As a companion to this proposed instruction, defendant also requested an instruction which stated: "On the issues of entrapment as on other issues, the government must convince you beyond a reasonable doubt that the defendant was not entrapped by government agents."

The trial court refused these instructions and, instead, gave one tendered by the government based upon a form entrapment instruction contained in *D.C. Circuit Instructions*, 3rd Ed. This instruction was silent upon the government's burden. However, the instruction did say, in part: "If you find beyond a reasonable doubt the Defendant was predisposed to commit such

an offense, you should find that the Defendant was not a victim of entrapment."

■ Defendant contends here that this instruction was not clear. He maintains that a properly worded instruction on this defense must inform the jury the government has the burden of proving beyond a reasonable doubt that a defendant was not entrapped. While we would agree that an instruction of this kind would be preferred, we do not believe, under the facts of this case, failure to give such an instruction was error.

We recently considered a similar situation in *United States v. Martinez*, 749 F.2d 601 (10th Cir.1984). There we said:

... On appeal, Williams complains about the instruction given and argues that it didn't go far enough and that the instruction on entrapment should have clearly stated, within it own four corners, that the defense of entrapment having been raised, the burden was on the government to prove *no* entrapment. Such would undoubtedly be the preferable practice. *See, e.g., United States v. Corrigan*, 548 F.2d 879 (10th Cir.1977).

. . . .

As indicated, in *Corrigan* we reversed because the instructions, taken as a whole, did not adequately inform the jury that the prosecution's burden of proof beyond a reasonable doubt applied to the defendant's affirmative defense of self-defense. However, in the instant case, we believe that the instructions, taken as a whole, did adequately inform the jury as to the prosecution's burden of proof on the entrapment issue. *See United States v. Gurule*, 522 F.2d 20, 25 (10th Cir.1975). . . .

*Martinez, supra*, at 605–606 (emphasis in original).

We see no distinction between *Martinez* and the instant case. Indeed, despite language in *Corrigan* suggesting a contrary result, we concluded in *Martinez* that the

---

* Honorable Sam A. Crow, District Judge for the District of Kansas, sitting by designation.

1. Entrapment instructions from this same source have previously been approved as proper by this court. *See United States v. Szycher*, 585 F.2d 443, 450 (10th Cir.1978).

general instruction on the government's burden of proving guilt, coupled with the entrapment instruction requiring a jury finding beyond a reasonable doubt, was sufficient to avoid confusing the jury on the burden of proof.

We specifically note here that the instruction used in both *Martinez* and *Gurule* was the Devitt and Blackmar form instruction requested by the defendant in this case. Nevertheless, we conclude that is not a significant factor in this case because neither the Devitt and Blackmar instruction approved in the prior cases nor the instruction given here contained a specific burden of proof instruction. Thus, taking the subject instruction in the context of all the instructions given, we must also conclude the jury was not misled in this instance.

Defendant also contends that the refusal to give his tendered instruction defining the word "agent" used in the entrapment instruction was error. He argues, since there was testimony by both an agent of the Drug Enforcement Administration (who identified himself as such) and the government's informant, the jury should have been told in specific terms that the informant was an "agent" of the government for the purpose of the entrapment defense. Again, while we would favor this instruction, the circumstances of the case and the manner in which the evidence was presented to the jury make clear the jury could not have been confused on this point.

We note initially that the instruction on entrapment stated, in part, "As used in the law, the word entrapment means that law enforcement officials, acting either directly *or through an agent,* induced or persuaded an otherwise unwilling person to commit an unlawful act." (Emphasis added.) Additionally, the evidence was clear the government was acting through the informant in approaching and dealing with the defendant in the transactions in which the claimed entrapment occurred. In light of this evidence, and the disjunctive language of the instruction itself, we cannot conclude the jury would have been misled into thinking the informant was not an agent of the government for the purpose of the entrapment defense.

Defendant next argues the trial court erred in refusing his tendered instruction on the presumption of innocence and the effect of conflicting inferences. He admits the court did instruct on the topic, but he maintains the instructions given were inadequate. We have examined the instructions given in light of this argument, and we find they adequately inform the jury when taken in their totality.

Finally, defendant contends the trial court erred in not releasing him on bail pending appeal. Immediately after sentencing, an evidentiary hearing was held upon the issues posed by 18 U.S.C. § 3143(b) (1984). At the conclusion of the testimony, the district judge made specific findings of fact upon which he concluded defendant was likely to flee and that he posed a danger to the safety of the community. While defendant now takes issue with these conclusions, the record discloses the findings upon which they are based are supported by evidence. Without demonstrating these findings clearly erroneous, the defendant fails to demonstrate they are reversible. Moreover, having reached these conclusions, the trial court was not obliged by the clear language of § 3143(b)(1) to deal with the remaining provisions contained in § 3143(b)(2). For the foregoing reasons, the judgment of the trial court is affirmed.