UNITED STATES of America,
Plaintiff-Appellee,

v.

Marty MARTINEZ,
Defendant-Appellant.

No. 84–2587.

United States Court of Appeals,
Tenth Circuit.

Nov. 18, 1985.

Edwin Macy, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Stanley K. Kotovsky, Jr., Asst. U.S. Atty. (William L. Lutz, U.S. Attorney, with him on brief), Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN and MOORE, Circuit Judges, and WEST, District Judge.*

JOHN P. MOORE, Circuit Judge.

Marty Martinez was convicted of five counts of unauthorized acquisition of food coupons (food stamps) in violation of 7 U.S.C. § 2024(b). On appeal, Martinez maintains that his pretrial motion to dismiss for prosecutorial delay should have been granted; that the court improperly instructed on the defense of entrapment; and that defense counsel was improperly restricted in the cross-examination of a government witness. Finding no error, we affirm.

---

* Honorable Lee R. West, United States District Judge for the Western District of Oklahoma, sitting by designation.

## I.

Defendant was not arrested until ten and one-half months after the return of the indictment; hence, he claims that his right to a speedy trial as guaranteed by the Sixth Amendment and his right to be free from unnecessary delay established in Fed. R.Crim.P. 48(b) have been violated. He raised this issue by a pretrial motion to dismiss the indictment.

An evidentiary hearing upon the motion was held at which the defendant and agents of the government testified concerning the delay. Following the court's initial determination that the delay was presumptively prejudicial, the judge considered all the evidence in light of the "four-point test" established in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Finding an absence of prejudice to the defendant arising from the delay (the fourth point), the judge denied the motion to dismiss.

Although *Barker* establishes four tests or considerations for determining whether prosecutorial delay results in a denial of a speedy trial, in this case there is no real conflict over the first three tests: length of the delay, reasons for the delay,[1] or the defendant's assertion of his right. Therefore, we focus, as did the trial court, on the fourth test: prejudice to the defendant.

During the course of his testimony, Martinez did not articulate any specific harm suffered as a consequence of the delay in his arrest. Although he stated he had been treated for an emotional problem that had some past effect on his powers of recollection, he did not suggest that he was unable to recall the details of the offenses of which he stood charged. An implication that he lost the opportunity to call a particular witness is also questionable. Martinez stated at the hearing that he was then unaware of the whereabouts of a former associate, but he expressed no intention to call this person as a witness. Not only did Martinez admit that the associate was never present during any of the transactions set forth in the indictments, but also his counsel conceded it was "somewhat speculative" that the absence of this person was harmful to the defense. More importantly, there being no evidence when the associate departed, his availability for trial had Martinez been arrested immediately after the indictment is equally problematic. Consequently, the only prejudice shown to the trial court was the presumption arising out of the length of the delay itself.

The trial court correctly held that the evidence was insufficient to warrant a finding of either a Sixth Amendment or a Rule 48(b) delay. *United States v. Jenkins,* 701 F.2d 850 (10th Cir.1983); *United States v. Brown,* 600 F.2d 248 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979); *United States v. Latimer,* 511 F.2d 498 (10th Cir.1975). On appeal, defendant argues no prejudice need be shown to warrant dismissal on speedy trial grounds. Yet, in the absence of prejudice, we have great reluctance to dismiss an indictment for prosecutorial delay. *United States v. Jenkins, supra; United States v. Brown, supra.* Because of the lack of any other factor amounting to prejudice, we hold the trial court properly denied Martinez' motion to dismiss upon the basis of the evidence presented on the motion. *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

## II.

At trial, defendant testified and admitted committing the acts of which he was accused; however, he attempted to negate the effect of these admissions with the defense of entrapment. The trial court determined an entrapment instruction was proper, but refused identical instructions tendered by the government and the de-

---

1. There was ample testimony indicating justifiable reasons for the delay, but also demonstrating, as found by the trial court, the "government didn't use its best efforts in trying to locate this particular defendant." Notwithstanding, the court also found the "delay was not done intentionally, nor was it for tactical advantage." Those findings are amply supported by the record.

fendant, and gave his own instead. The court also refused to instruct the jury to consider each transaction entered into by the defendant as seriatim elements of one whole transaction for the purpose of the entrapment defense. Defendant now argues the entrapment instruction given the jury was misleading and improper, and the omission of the seriatim theory instruction was prejudicial. We disagree.

## A.

The instruction on entrapment given by the trial court was basically the same instruction discussed in *United States v. Smegal*, 772 F.2d 659 (10th Cir.1985), and held not improper when coupled with the other instructions in the case. In *Smegal*, we indicated our preference for an instruction in the form tendered by the litigants here because of our belief in its greater inherent clarity, but we did not hold the preferred instruction was the only acceptable instruction. Yet, that begs the issue.

The question presented here is whether the instruction given mistakenly left the jury with the notion the defendant had some burden of proving he was entrapped by requiring him to establish his lack of predisposition.[2] Defendant's argument is principally predicated upon the absence of a phrase in the instruction telling the jury the government had the burden of proving there was no entrapment.

■ We faced that precise issue in *Smegal, supra*, as well as in *United States v. Martinez*, 749 F.2d 601 (10th Cir.1984). In both cases, we held it was not reversible error to fail to state in the entrapment instruction itself that the burden of proving no entrapment is on the government, where the instructions, taken as a whole, made that burden clear. We can find no reason to depart here from that established rule.

■ Examination of all the instructions given makes clear the jury was instructed the burden of proof beyond a reasonable doubt is always on the government and never shifts to the defendant. According-

ly, we conclude that in taking the instruction on entrapment in the context of the remaining instructions, the jury was not misled on the question of the government's burden of proving defendant was not entrapped.

■ The defendant has raised additional arguments regarding the alleged inadequacies of the court's instruction on entrapment. None of those objections was raised in the trial court; therefore, they are not properly preserved for appeal. Fed.R. Crim.P. 30.

## B.

■ Defendant tendered two instructions which were not given, and he cites this refusal as error. We note initially, in tendering these instructions and objecting to the court's refusal, defendant made only a wan attempt to satisfy Fed.R.Crim.P. 30. That rule states: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.*" (Emphasis added.) Here the "objection" was: "both instructions fit this case and should be given." In our judgment, that nonchalant comment is a far cry from "stating distinctly" the grounds why the defendant was entitled to these instructions. The issue has not been preserved for appeal.

■ We note parenthetically, however, even if the issue had been preserved, the court's failure to give the instructions would not have been reversible error. First, we have previously held the giving of an instruction properly defining the defense of entrapment obviates the giving of an additional instruction stating each transaction in the course of events is subject to separate consideration on the issue of entrapment. *United States v. Perez*, 493 F.2d 1339 (10th Cir.1974). Additionally, the court's instruction here on entrapment stat-

---

**2.** For a discussion of the elements of the defense of entrapment and instruction thereon,

See *Garcia v. United States,* 373 F.2d 806 (10th Cir.1967).

ed, in part: "Just as it is your responsibility to consider each offense and the evidence applicable thereto separately, it is likewise your responsibility to consider the evidence concerning entrapment as to each offense separately." We believe that instruction covered the subject of defendant's proposed instruction, albeit in different words.

Next, the tenor of defendant's second proposed instruction was likewise covered in the court's instruction on entrapment. The proposed instruction would have told the jury to "look to the totality of the circumstances shown by the evidence, including the nature and extent of the inducement offered," in determining defendant's predisposition. The court's instruction stated: "In evaluating this matter of predisposition, you should look to the totality of the circumstances involved in the alleged offense with which the defendant is charged." The instruction given simply did not emphasize one aspect of the total circumstances as defendant wished. Such emphasis is not appropriate, and the issue was adequately covered. *Joyce v. Atlantic Richfield Co.*, 651 F.2d 676 (10th Cir.1981); *Rogers v. Northern Rio Arriba Electric Co-op, Inc.*, 580 F.2d 1039, 1042 (10th Cir. 1978).

### III.

Defendant contends the trial court erroneously limited defense counsel's cross-examination of the government's agent who approached defendant with the offer to exchange food stamps for merchandise. The issue arises out of counsel's attempt to inquire about the substance of other undercover operations conducted in other investigations by the witness. The witness had testified that his conduct with the defendant was similar to his "normal" operations, but there were individual differences in every case, and in other cases he might deal in different items to be exchanged for food stamps. The trial judge then interrupted the examination and called counsel to the bench.

At bench, the judge told counsel he would not permit testimony "on other tangents of targeting" because he believed it

prejudicial to the defendant. Whereupon defense counsel replied: "Your Honor, I wasn't going to approach targeting at all. I was—would just state for the record that I believe that the area was delved into in direct testimony, and I was trying to cross-examine him regarding his testimony on direct." Notwithstanding this explanation, defendant's counsel now contends that the purpose of this line of questioning was to explore the agent's motives and to determine whether the agent conformed to his routine practice. Counsel argues the questioning was supportable pursuant to Fed.R. Evid. 404(b) and 406. No offer of proof was made, and the trial judge was not given any indication of defendant's presently expressed purpose for his inquiry.

■ Once again, we are preliminarily constrained to conclude this issue was not properly preserved for appeal. Unless the context in which evidence is offered makes clear the reason for the proffer, error cannot be assigned to the exclusion of evidence without an offer of proof. Fed.R. Evid. 103(a)(2). Here, in the context in which the agent was asked whether his investigation of the defendant differed from that of others, the reasons now suggested for the inquiry were then obscure. Indeed, the trial court assumed the purpose for the question was to explore the method employed by the agent to target subjects for investigation. Although counsel disabused the court of that assumption, he made no effort to tell the court he was interested in the motives or habit of the witness. That default terminates the argument here. *United States v. Harrelson*, 754 F.2d 1153, 1179 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 277, 88 L.Ed.2d 241 (1985); *Freedom Savings & Loan Ass'n v. Way*, 757 F.2d 1176, 1181 (11th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 134, 88 L.Ed.2d 110 (1985); *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992 (11th Cir.1982); *Mills v. Levy*, 537 F.2d 1331 (5th Cir.1976); *See also* 1 Weinstein's Evidence ¶ 103[04] (1982).

The importance of properly preserving an evidentiary issue is even clearer where,

as here, the question is whether the trial court abused its discretion in regulating the course of cross-examination. The judge perceived the direction of cross-examination was potentially harmful; therefore, he interrupted the questioning. Even though that perception was corrected, the judge was not told the reason for the cross-examination was to raise issues regarding the defense of entrapment. Now, in the absence of a record upon which to assess the basis upon which the trial court exercised its discretion, we are being asked to rule the exercise was abusive.[3] That we cannot do. *United States v. Atwell,* 766 F.2d 416, 419–420 (10th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 251, 88 L.Ed.2d 259 (1985). Because the record is silent on the subject, we have no way of knowing whether the testimony would have provided the defendant with a "shield" as he now claims, nor can we judge whether the testimony would have exposed a bias on the part of the agent that would have been relevant to the defense of entrapment.

■ Nonetheless, we have examined defendant's argument and find it lacking in substance. Defendant essentially claims he was hampered because he could not show the jury the agent's "entrapment techniques" habitually employed in other cases. Yet, the issue presented to the jury was whether the techniques employed in *this* case resulted in the entrapment of *this* defendant. Accordingly, even if we were to assume for the sake of argument the agent had actually entrapped others, that fact would have no bearing upon whether the agent actually committed the acts resulting in entrapment in this case. By the same token, the inducement offered to others cannot demonstrate whether and what kind of inducement was offered to the defendant in this case. Despite defendant's argument to the contrary, we are unconvinced the limitation of cross-examination was harmful to the defendant.

AFFIRMED.

---

3. "The limits of cross-examination are within the discretion of the trial court and will be disturbed on appeal *only* if that discretion is abused." *Ewing v. Winans,* 749 F.2d 607, 616 (10th Cir.1984), (citation omitted).