936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
William J. OSTERHOUDT, Gary T. Osterhoudt, Plaintiffs,
and
OZ-T Ltd., Plaintiff-Appellee,
v.
MARMON MOTOR COMPANY, Defendant-Appellant.
 No. 88-2841.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before McKAY, LOGAN and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Defendant Marmon Motor Company appeals a judgment entered on a jury verdict in favor of plaintiff OZ-T, Ltd. Marmon manufactures tractors for use in over-the-road hauling. OZ-T ordered ten tractors from Marmon in March of 1985. OZ-T used the tractors in its interstate trucking business until December of 1986 and returned the tractors to Marmon in April of 1987. OZ-T then sued Marmon for damages on claims for breach of contract, breach of express and implied warranties, and negligent design, or, in the alternative, for rescission of the contract and return of the purchase price. The jury returned a verdict for OZ-T on its rescission claim and awarded it $275,089.00.
 
 
 2
 Marmon's appeal raises four issues: (1) whether the trial court committed reversible error when it admitted evidence of warranty claims made by purchasers of Marmon tractors other than OZ-T; (2) whether the trial court committed reversible error when it instructed the jury on rescission pursuant to Okla.Stat. tit. 15, Sec. 233, rather than on revocation of acceptance pursuant to Okla.Stat. tit. 12A, Sec. 2-608; (3) whether the jury's award should be set aside as excessive on its face; and (4) whether the jury's award should be set aside as unsupported by substantial evidence. We answer each question in the negative and affirm the judgment of the district court.
 
 
 3
 Marmon first contends that the trial court should have excluded evidence of warranty claims by purchasers other than OZ-T under Fed.R.Evid. 403, which provides in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." We will not disturb a trial court's determination that the probative value of proffered evidence did or did not substantially outweigh its prejudicial effect absent an abuse of discretion. Dow Chem. Corp. v. Weevil-Cide Co., 897 F.2d 481, 486 (10th Cir.1990). Based upon our review of the record on appeal,[1] the parties' briefs, and the pertinent law, we conclude that the district court did not abuse its discretion in admitting the evidence at issue.
 
 
 4
 Before considering whether the trial court erred in instructing the jury on common law rescission, as codified in Okla.Stat. tit. 15, Sec. 233, rather than on revocation of acceptance under the Uniform Commercial Code (UCC), as adopted by Oklahoma in Okla.Stat. tit. 12A, Sec. 2-608, we must first determine whether Marmon properly preserved this issue for appeal. Rule 51 of the Federal Rules of Civil Procedure provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."
 
 
 5
 Marmon concedes that it did not formally object to the court giving the rescission instruction. Marmon argues that it nonetheless preserved the issue for appeal by making its position that revocation of acceptance under the UCC had displaced common law rescission "abundantly clear" to the trial court before the court instructed the jury. Brief of Appellant at 32-33. See Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d 1509, 1514 (10th Cir.1984) ("Rule 51 requires counsel 'to make abundantly clear to the trial court the objecting party's position.' " (quoting Rogers v. Northern Rio Arriba Elec. Coop., Inc., 580 F.2d 1039, 1042 (10th Cir.1978))), aff'd, 472 U.S. 585 (1985). We disagree.
 
 
 6
 Although Marmon's pretrial filings, including its proposed jury instructions, clearly indicated Marmon's position that revocation of acceptance under the UCC applied to the facts of the case, the filings did not indicate, clearly or otherwise, that revocation of acceptance had replaced rescission in Oklahoma. "We long have held that the offering of a proposed instruction does not preserve a challenge to the court's instructions under Rule 51, absent a specific objection." Id. at 1515. The only reference to the interaction of rescission and revocation of acceptance Marmon made in the record on appeal was the following statement by Marmon's counsel during his argument for a directed verdict:
 
 
 7
 As to Plaintiffs' theory of relief on recision (sic) or revocation and acceptance, I think it's quite clear that the code, Uniform Commercial Code, provisions as to revocation of acceptance and cover, and that to apply the common-law principle of recision (sic) would be inconsistent with the UCC.
 
 
 8
 Rec., supp. vol. III, Transcript at 654. The morning after the instruction conference, which was not recorded, Marmon objected to certain language in the court's proposed rescission instruction. This objection, contrary to indicating that Marmon opposed the giving of an instruction on rescission at all, indicated that Marmon opposed only particular language in the instruction, which the court deleted at Marmon's request.
 
 
 9
 Based on the record before us, we conclude that Marmon failed to preserve its present objection to the rescission instruction. We note that the trial court reached the same conclusion in its order denying Marmon's motion for a new trial. See Rec., vol. I, doc. 119, Order at 2.
 
 
 10
 We have recognized a plain error exception to Rule 51's requirements, but we have applied it sparingly and only in the interest of justice. See Lusby v. T.G. & Y. Stores, Inc., 796 F.2d 1307, 1311-12 (10th Cir.), cert. denied, 479 U.S. 884 (1986); Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d at 1516. Under the circumstances here, we conclude that the trial court did not commit plain error when it instructed the jury on rescission rather than on revocation of acceptance.
 
 
 11
 The final two issues we must address concern the jury's award on OZ-T's rescission claim. The court instructed the jury that if it found OZ-T could rescind the purchase contract, then it should award OZ-T the purchase price minus certain monies (a payment Marmon made to the finance agency and any profit OZ-T made on the Marmon tractors while it used them), as well as damages for the profit OZ-T would have earned during the time reasonably required to replace the tractors. Marmon does not object to the court's instruction, but contends that the award the jury made based on that instruction was excessive on its face and was not supported by the evidence.
 
 
 12
 "The standard for determining whether an award of damages is excessive is whether the award shocks the judicial conscience." Miller v. United States ex rel. Dep't of Army, 901 F.2d 894, 897 (10th Cir.1990). The jury's award here does not meet this standard and, therefore, is not excessive on its face. Our review of the award is otherwise "limited to the inquiry as to whether the record contains substantial evidence to support the jury's ... conclusion, viewing the evidence in the light most favorable to the prevailing party." Kitchens v. Bryan County Nat'l Bank, 825 F.2d 248, 251 (10th Cir.1987). Based upon our careful review of the entire transcript, as well as the exhibits included in addenda to the parties' briefs, we conclude that the jury's award was supported by substantial evidence.
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The court has supplemented the record on appeal, sua sponte, with Plaintiffs' Final Contentions, Plaintiffs' Trial Brief, Plaintiffs' Proposed Jury Instructions, Plaintiff's Brief in Opposition to Defendant's Motion for New Trial, and those portions of the transcript not previously designated by the parties. See 10th Cir.R. 10.2.4 and 11.1.1