**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 25 1998**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MANUEL GAMA,

      Defendant-Appellant.

No. 97-4109

(D.C. No. 96-CR-192-3)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **McKAY**, and **BRISCOE**, Circuit Judges.

Defendant was convicted for possession of cocaine with intent to distribute and for aiding and abetting in the commission of that crime in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.  On appeal, Defendant asserts that his convictions must be reversed and his case remanded for a new trial because the district court made two errors relating to the jury instructions on the defense of entrapment.

Defendant first argues that the court committed reversible error in failing to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

instruct the jury on the government's burden of proving beyond a reasonable doubt that Defendant was not entrapped. Because Defendant objected to the entrapment instruction at trial, we review de novo whether the court erred in failing to instruct on the government's burden of proof on entrapment. See United States v. Pappert, 112 F.3d 1073, 1076 (10th Cir. 1997). We must determine whether the instructions, taken as a whole, adequately informed the jury of the prosecution's burden of proof on the entrapment issue. See United States v. Martinez, 749 F.2d 601, 605-06 (10th Cir. 1984); United States v. Gurule, 522 F.2d 20, 25 (10th Cir. 1975), cert. denied, 425 U.S. 976 (1976).

A defendant must raise the defense of entrapment by presenting evidence that (1) he was induced by a government agent to commit the offense, and (2) he was not predisposed to commit that offense. See United States v. Young, 954 F.2d 614, 616 (10th Cir. 1992). Once a defendant has presented sufficient evidence to create a question of fact for the jury, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was not entrapped. See United States v. Duran, 133 F.3d 1324, 1330 (10th Cir. 1998) (citing Young, 954 F.2d at 616). We have held that to meet its burden of proof, the government must prove at least that the defendant was disposed to commit the crime before being approached by a government agent. See id. (citing United States v. Cecil, 96 F.3d 1344, 1348 (10th Cir. 1996), cert. denied, ___U.S.___,

117 S. Ct. 987 (1997)).

The government argues that this case is distinguishable from our prior cases because Defendant was not entitled to an entrapment instruction as a matter of law. Because our careful review of the record reveals conflicting evidence regarding the entrapment issue, we conclude that the jury properly received an instruction on entrapment. See Young, 954 F.2d at 616.[1]

In this case, the court gave the following jury instruction on entrapment:

> The defendant, Manuel Gama, asserts as a defense that he was entrapped by the government through its agent to commit the crime of possession of a controlled substance with intent to distribute that is alleged of [sic] the indictment. A defendant may not be convicted of a crime if that person was entrapped by the government to do the acts charged.
>
> A person is entrapped when that person has no previous intent or disposition or willingness to commit the crime charged and is induced or persuaded by a government agent to commit the offense.
>
> A person is not entrapped when that person has a previous intent or disposition or willingness to commit the crime charged and the government agent merely provides the opportunity to commit the offense.
>
> In determining the question of entrapment, the jury should consider all of the evidence received in this case concerning the intentions and disposition of the defendant before encountering the government agent as well as the nature and the degree of the

---

[1] We note that the government's objection to the entrapment instruction is untimely. Because the government did not object to the entrapment instruction at trial and both parties presented evidence on entrapment, the issue was properly submitted to the jury. See United States v. Brown, 925 F.2d 1301, 1303-04 (10th Cir. 1991).

inducement or persuasion provided by the agent.

R., Vol. 1, Jury Instr. No. 33. This instruction correctly advises the jury of the elements of an entrapment defense. However, it does not inform the jury that the government bears the burden of proving beyond a reasonable doubt that Defendant was not entrapped. See Duran, 133 F.3d at 1330-31; Young, 954 F.2d at 616. The instruction states that Defendant "asserts [entrapment] as a defense." R., Vol. I, Jury Instr. No. 33. This language presents the same problem that we identified in Duran.[2] See Duran, 133 F.3d at 1327-28, 1331. In Duran, we held that because

> the court presented entrapment "as a defense" asserted by the defendant and failed to tell the jury either that lack of entrapment had become an element of the crime or that the government bears the burden of proving lack of entrapment once the defendant has made an initial showing on the defense,

id. at 1331, a reasonable jury might infer that the defendant bore the burden of proof on entrapment. Like the affirmative defense instructions in Duran and United States v. Corrigan, 548 F.2d 879, 882-83 (10th Cir. 1977), the entrapment instruction in this case "'could easily be taken to mean that since . . . [D]efendant raised the issue, it is his burden to prove it to the jury's satisfaction.'" Duran, 133 F.3d at 1331 (quoting Corrigan, 548 F.2d at 883). Neither the court's

---

[2] The record reveals that the language and content of the entrapment instruction in this case is identical in all material respects to the instruction in Duran. See Duran, 133 F.3d at 1327-28.

entrapment instruction nor the instructions as a whole "contradict[s] this potential, incorrect interpretation." Id. at 1332. The district court's instructions did not clarify for the jury whether the government was required to prove predisposition and lack of inducement or whether Defendant was required to prove no predisposition and government inducement. See id. Therefore, a reasonable jury might conclude that the burden rested on Defendant to prove his affirmative defense. See id.; Corrigan, 548 F.2d at 883-84. Accordingly, we hold that the district court's entrapment instruction was erroneous.

We have repeatedly held that it is preferable to clearly instruct a jury that the burden is on the government to prove no entrapment. See United States v. Smegal, 772 F.2d 659, 660-61 (10th Cir. 1985); Martinez, 749 F.2d at 605. However, we also have held that the failure to include a specific statement on the burden of proof is not reversible error if the instructions as a whole adequately inform the jury that "before the jury can convict, it must find beyond a reasonable doubt that there was no entrapment," Duran, 133 F.3d at 1332, or that the defendant was predisposed to commit the offense. See Smegal, 772 F.2d at 660-61; Martinez, 749 F.2d at 606. Therefore, we must examine the instructions in this case as a whole to determine if they cure the error by sufficiently notifying the jury of the government's burden of proof on entrapment. See Martinez, 749 F.2d at 605-06.

Our previous conclusions that flawed entrapment instructions were not reversible error rested on a determination in each case that the jury instructions as a whole essentially cured the error because those instructions, in various forms, did not mislead the jury and required the government to prove beyond a reasonable doubt all of the elements in that case. See Smegal, 772 F.2d at 660-61; Martinez, 749 F.2d at 606; Gurule, 522 F.2d at 25. In this case, the instructions as a whole do not remedy the erroneous entrapment instruction. No instruction indicates that the jury could not convict unless it believed beyond a reasonable doubt that the defendant was not entrapped. See Duran, 133 F.3d at 1332. The entrapment instruction does not mention the government's burden of proof beyond a reasonable doubt. The government concedes that "neither the entrapment instruction nor the general burden of proof instructions . . . [links] the government's burden of proof to [D]efendant's affirmative defense of entrapment, or [to] the underlying issue of [D]efendant's predisposition." Appellee's Br. at 21. Neither the general instructions articulating that it is the government's burden to prove the elements of a crime beyond a reasonable doubt, see R., Vol. I, Jury Instr. Nos. 4, 20, nor the specific instructions stating that the government must prove beyond a reasonable doubt three elements for the jury to find Defendant guilty, see id. at Nos. 23, 25, 26, nor the instruction explaining the "beyond a reasonable doubt" standard, see id. at No. 5, cures the infirmity in the entrapment

-6-

instruction. See Corrigan, 548 F.2d at 882. Further, nowhere in the instructions did the court explicitly or implicitly state that the government must prove beyond a reasonable doubt that Defendant was disposed to commit the crime. That Defendant must have knowingly or intentionally possessed the cocaine, intended to distribute cocaine, or knowingly aided or abetted the commission of that crime, see R., Vol. I, Jury Instr. Nos. 23, 25, 29, does not mean that he was predisposed to do so.

The government contends that any error in the entrapment instruction was harmless because there was overwhelming evidence of predisposition and meager evidence of inducement. This argument is inapposite to the issue at hand. The Supreme Court has held that a criminal conviction must rest on a jury determination that the accused is guilty beyond a reasonable doubt of every element of the crime charged. See United States v. Gaudin, 515 U.S. 506, 511 (1995); Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993). It is also undisputed that "[t]he prosecution bears the burden of proving all elements of the offense charged." Sullivan, 508 U.S. at 277-78. Recently, we stated that "when a defendant has presented sufficient evidence to raise the issue of entrapment for the jury, proof that the defendant was not entrapped effectively becomes an element of the crime." Duran, 133 F.3d at 1331. Because we have determined that a reasonable jury might have believed that Defendant was saddled with the

burden of proof on entrapment, and because we have concluded that the instructions as a whole do not cure the deficiency in the entrapment instruction, we hold that the court's failure to instruct on the government's entrapment burden of proof is a structural error. See Sullivan, 508 U.S. at 280-82; United States v. Wiles, 102 F.3d 1043, 1056-61 (10th Cir. 1996), reh'g granted in part, 106 F.3d 1516 (10th Cir.), cert. denied, ___U.S.___, 118 S. Ct. 363 (1997). The court deprived Defendant of a fundamental right and a fair trial by possibly shifting the burden of proof on entrapment to Defendant and by "allow[ing] the jury to reach a conviction without requiring the government to prove all of the elements in the case beyond a reasonable doubt." Duran, 133 F.3d at 1334; see Sandstrom v. Montana, 442 U.S. 510, 521 (1979); see also Bollenbach v. United States, 326 U.S. 607, 614 (1946) ("[T]he question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedures and standards appropriate for criminal trials in the federal courts."). Accordingly, we are precluded from analyzing the court's error by the harmless error standard, and we reverse Defendant's conviction and remand for a new trial. See Sullivan, 508 U.S. at 283-84. Because we are reversing and remanding on this issue, we decline to address Defendant's second argument that the court committed reversible error in failing to instruct the jury that the entrapment defense also

-8-

applied to the aiding and abetting charge.[3]

        REVERSED and REMANDED.


                             Entered for the Court


                             Monroe G. McKay
                             Circuit Judge

---

[3] The entrapment instruction stated only that Defendant "asserts as a defense that he was entrapped by the government through its agent to commit the crime of possession of a controlled substance with intent to distribute as charged of [sic] the indictment." R., Vol. I, Instr. No. 33.