UNITED STATES of America, Plaintiff-Appellee,

v.

Michael WATKINS, Defendant-Appellant.

No. 82–1286.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1983.

Decided June 8, 1983.

476

Michael Logan, Chicago, Ill., for defendant-appellant.

Douglas J. Miller, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, WOOD and ESCHBACH, Circuit Judges.

BAUER, Circuit Judge.

This is an appeal from the conviction of Defendant-appellant, Michael Watkins, on a charge of unlawfully selling, without authority, property of the United States government having a value in excess of $100.00 in violation of 18 U.S.C. § 641. For reasons developed below, we affirm Watkins' conviction.

## I

In the early morning hours of April 24, 1980, there was a break-in at the United States Post Office at 2419 West Monroe Street in Chicago. A calculator belonging to the federal government was missing from the post office following the break-in.

On May 6, 1980, acting on a tip from Calvin Swan, a young man who had witnessed both the break-in and the subsequent sale of the stolen calculator, Postal Inspectors Wachuta and Walsh apprehended Defendant-appellant Watkins. After Watkins had waived his *Miranda* rights, Wachuta questioned him about the break-in at the post office. Watkins denied any knowledge of the crime and was re-leased; he was not questioned about the stolen calculator.

On May 8, 1980, the liquor store owner who had purchased the stolen calculator on the day of the break-in identified Watkins' picture from a photo array as the seller of the calculator. The following day, Swan selected Watkins' picture from the same photo array, identifying Watkins as the individual who broke into the post office.

In August of 1981, Watkins was charged in a two-count indictment with forcibly breaking into a United States Post Office, in violation of 18 U.S.C. § 2115, and unlawfully selling, without authority, property of the United States Post Office having a value in excess of $100.00, in violation of 18 U.S.C. § 641. After trial, the jury returned a verdict of not guilty on count one, forcibly breaking into a post office; the jury found Watkins guilty on count two.

Watkins then brought this appeal. We have jurisdiction under 28 U.S.C. § 1291.

## II

On appeal, Watkins raises four issues for our consideration. First, Watkins contends that the district court improperly denied his motion to arrest judgment alleging that Watkins had been deprived of his fifth amendment right to be tried upon charges found by a grand jury. Second, Watkins alleges that his due process rights were violated by the district court's pretrial refusal to dismiss the indictment on the basis of preindictment delay. Third, Watkins urges that the district court committed reversible error in permitting cross-examination of the defendant with respect to Watkins' relationship with an individual who might have been related to Watkins' alleged accomplice in the charged offenses. Last, Watkins challenges the sufficiency of the evidence with respect to the calculator's value, as well as the propriety of the jury instruction defining value. We find all of Watkins' arguments unavailing.

### A. The Motion to Arrest Judgment

Following his conviction, Watkins filed a motion to arrest judgment alleging that

478

count two of the indictment, the count upon which he had been convicted, was fatally defective for failure to state a charge. Watkins now argues that the district court erred in denying his motion because the defective indictment violated Watkins' fifth amendment right to be tried upon a charge found by a grand jury.

The indictment in question tracks the language of 18 U.S.C. § 641, the statute under which Watkins was charged. The indictment, in relevant part, charges that Watkins "did without authority sell, convey and dispose of a thing of value of the United States Postal Service, an agency of the United States ... [h]aving a value in excess of $100.00 ...."[1] Watkins urges that this language fails to state an offense because, although the courts have construed section 641 as a specific intent crime, *see Souza v. United States,* 304 F.2d 274, 276 (9th Cir.1962), citing, *Morisette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), the word "knowingly" does not appear in the indictment. Under the facts presented here, however, we do not believe that the absence of the word "knowingly" militates the conclusion that count two of the indictment is fatally defective.

■ The validity of an indictment is to be tested by a reading of the indictment as a whole. *United States v. Debrow,* 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *United States v. Willis,* 583 F.2d 203 (5th Cir.1978). An indictment is sufficient if it, first, alleges the elements of the offense charged and fairly informs a defendant of the charge against him or her, and, second, enables the defendant to plead an acquittal or conviction in bar of future prosecutions. *Haml-*

*ing v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1973); *accord United States v. Debrow,* 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *United States v. Weatherspoon,* 581 F.2d 595, 600 (7th Cir.1978). Moreover, in determining whether an essential element is missing from the indictment, this court has held that no particular words or phrases must be used. *Weatherspoon,* 581 F.2d at 600. Rather, an indictment not challenged before trial will be upheld "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." *United States v. Knippenberg,* 502 F.2d 1056, 1061 (7th Cir. 1974); *see also Hagner v. United States,* 285 U.S. 427, 433, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1931).[2]

■ The indictment brought against Watkins, when read as a whole, was sufficient to charge Watkins with a violation of 18 U.S.C. § 641. The indictment returned by the grand jury contained two counts; the first count charged Watkins with unlawfully breaking into a United States Post Office with intent to commit larceny therein, while the second count charged Watkins with unlawfully disposing of federal government property obtained in the break-in.[3]

Any reasonable construction of this indictment suggests that the grand jury determined that Watkins knowingly disposed of the government calculator without authority. That the grand jury implicated Watkins in the theft of the calculator belies any possibility that the grand jury believed Watkins disposed of the calculator without knowledge that it was, in fact, government

1. 18 U.S.C. § 641 provides, in relevant part, for criminal liability on the part of "[w]hoever ... without authority, sells, conveys or disposes of any ... thing of value of the United States or of any department or agency thereof...."

2. It is well-established that the failure of an indictment to state an offense is a fatal defect that may be raised at any time. FED.R.CRIM.P. 12(b). Nonetheless, the countervailing interest in judicial efficiency requires that tardily challenged indictments be construed liberally in favor of validity. *United States v. Pheaster,* 544

F.2d 353 (9th Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977).

3. We note that it is irrelevant to our consideration of this issue that Watkins was acquitted of the first count at trial. There has been no suggestion on appeal that the petit jury was improperly instructed with respect to the essential elements of a § 641 charge. The sole issue is whether the grand jury understood the defendant's conduct in disposing of the government calculator to be knowing.

property. Accordingly, we reject Watkins claim that the indictment upon which he was convicted was fatally defective for failure to state a charge.[4]

### B. Pre-indictment Delay

Although the post office break-in occurred in April of 1980, the indictment against Watkins was not returned until August of 1981, some sixteen months later. On that basis Watkins filed a pretrial motion to dismiss the indictment; the motion alleged that Watkins' ability to formulate a defense had been prejudiced by the government's delay in bringing the indictment. Watkins now urges that the district court improperly denied his motion to dismiss.

Although statutes of limitations provide the primary protection against the bringing of stale criminal charges, *United States v. Lovasco,* 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–2048, 52 L.Ed.2d 752 (1977), the due process clause "has a limited role to play in protecting against oppressive delay." *Id.* at 789, 97 S.Ct. at 2048. The due process inquiry requires consideration of both the reasons for the government's delay and the proof of prejudice to the accused. A pre-indictment delay will not violate due process unless the defendant is able to prove that the delay caused actual and substantial prejudice to his or her fair trial rights and that the government delayed indictment for tactical advantage or some other impermissible reason. *See Lovasco,* 431 U.S. at 788–96, 97 S.Ct. at 2047–2051; *United States v. Ricketson,* 498 F.2d 367, 370–71 (7th Cir.), *cert. denied,* 419 U.S. 965, 95 S.Ct. 227, 42 L.Ed.2d 180 (1974); *United States v. DeTienne,* 468 F.2d 151, 156 (7th Cir.1972), *cert.*

*denied,* 410 U.S. 911, 93 S.Ct. 977, 35 L.Ed.2d 274 (1973).

Watkins has failed to make such a showing. His motion before the trial court alleged no specific prejudice; rather, it contained a general assertion that the mere passage of time prevented Watkins from credibly reconstructing the events of April 24, 1980.[5] Furthermore, Watkins failed even to allege an improper government motive for the pre-indictment delay. Thus, the district court properly denied Watkins' pretrial motion to dismiss the indictment.

### C. The Cross-Examination Claim

Watkins urges that reversible error was committed when the government was allowed to cross-examine Watkins about his relationship with Jerry Alexander.[6] In addition, Watkins contends that the government should not have been allowed to use Watkins' denial of a friendship with Alexander in arguing to the jury. Both of these contentions are without merit.

In fact, it was the defendant who first interjected Jerry Alexander into the case. On cross-examination of postal Inspector Wachuta, the defendant elicited Jerry Alexander's name in response to a question concerning a photograph which depicted the alleged brother of Watkins' suspected accomplice.

Later, in defendant's case-in-chief, Watkins was questioned and cross-examined with respect to his relationship with Alexander. Watkins' trial testimony, denying any friendship with Alexander, was contrary to the statement Watkins had given to Postal Inspector Wachuta on May 6, 1980. Thus, Wachuta was called on rebuttal to impeach Watkins' credibility by testifying to the prior inconsistent statement.

---

**4.** *United States v. Denmon,* 483 F.2d 1093 (8th Cir.1973), upon which Watkins relies, is distinguishable. The indictment at issue in *Denmon,* like count two of the Watkins indictment, failed to include knowledge as an element of a § 641 offense. The critical difference is that *Denmon* involved a single count indictment. Thus, the *Denmon* court was unable to refer to any other count to insure that the grand jury had considered the element of knowledge. The two count indictment before us, by contrast, provides adequate insurance that the grand jury

believed Watkins had the requisite knowledge to commit a § 641 offense.

**5.** Even this assertion seems implausible when one considers that Watkins was questioned by postal inspectors only two weeks after the break-in.

**6.** Jerry Alexander had been identified previously as the possible brother of Watkins' alleged accomplice in the post office break-in.

Both the cross-examination of Watkins and the government's argument to the jury constituted part of a proper attack on Watkins' credibility. The trial judge did not abuse his discretion by admitting either the testimony or the closing argument which ensued therefrom. It follows *a fortiori* that there was no reversible error.

### D. The Calculator's Value

Watkins' final claims on appeal are that the jury was improperly instructed regarding the definition of value; and that there was insufficient evidence to support the jury's finding that the calculator had a value in excess of $100.00.

 The jury was instructed, over defendant's objection, that value means "face, par or market value or cost price, either wholesale or retail, whichever is greater."[7] Watkins argues this instruction was improper because the only value the jury should have considered was the calculator's market value on April 24, 1980. The weight of authority, however, is that a cost price to the government at the time of the theft which exceeds $100.00 sufficiently proves value under 18 U.S.C. § 641 even if market value may be less than $100.00. *See, e.g., United States v. Quinn,* 467 F.2d 624 (8th Cir.1972); *United States v. Meyers,* 443 F.2d 913 (9th Cir.1971); *Fulks v. United States,* 283 F.2d 259 (9th Cir.1960), *cert. denied,* 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961), *reh'g denied,* 365 U.S. 864, 81 S.Ct. 824, 5 L.Ed.2d 827 (1961). Thus, the jury was properly instructed and Watkins' contrary assertion must fail.

Finally, we find that there was sufficient evidence to support the jury's finding that the government calculator had a value in excess of $100.00, particularly when that evidence is viewed in the light most favorable to the government. *See Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

The calculator was put into service in October of 1979; thus it had been used for fewer than seven months prior to the theft.

Its retail price in October of 1979 was in excess of $300.00. Additional testimony established that the calculator was in good working condition at the time of the theft, and that six months old demonstrator calculators sold for a price only 10% below the retail price for a comparable new machine. This evidence amply supported the jury's finding that the calculator at issue had a value in excess of $100.00.

### III

We have examined each of Watkins' arguments and find that none has merit. Accordingly, Watkins' conviction is

AFFIRMED.

---

7. This instruction tracks the language of 18 U.S.C. § 641.