**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**E.W. FREEMAN, Defendant-Appellant.**

No. 86–1717.

United States Court of Appeals,
Tenth Circuit.

March 5, 1987.

Richard D. Esper, Atty., El Paso, Tex. (William A. L'Esperance, Albuquerque, N.M., on the briefs), for defendant-appellant.

Stanley K. Kotovsky, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., Albuquerque, N.M., with him, on the brief), Dist. of New Mexico, for plaintiff-appellee.

Before LOGAN and ANDERSON, Circuit Judges, and SAFFELS, District Judge *.

SAFFELS, District Judge.

The defendant, E.W. Freeman, was indicted on a three-count indictment, charging E.W. Freeman and co-defendant McCamey with one count of conspiracy in violation of 18 U.S.C. § 371, and two counts of offering an illegal gratuity to a federal employee in violation of 18 U.S.C. § 203(b). A guilty verdict was returned by a jury on all three counts. Freeman was sentenced to a term of two years, on Counts 2 and 3 for violations of 18 U.S.C. § 203(b), to be served concurrently. Freeman was also sentenced to a term of probation for five years, with respect to Count 1, for the charge of conspiracy in violation of 18 U.S.C. § 371. Following the trial, Freeman filed a motion for arrest of judgment on the grounds that the indictment was fatally misworded and that it did not include sufficient elements of the crime charged. The district court denied defendant's Motion for Arrest of Judgment as untimely and not well-taken.

On appeal, Freeman asserts that the indictment was defective in that it did not specifically state the language of Title 18, United States Code, Section 203(b), in that it did not list as one element, "in which the United States is a party or has a direct and substantial interest." Defendant also objects to the instructions given to the jury on Counts 2 and 3 in that the word "influ-

encing" was included in the instruction and is not an element of 18 U.S.C. § 203(b). Freeman further objects to the Court's omission in the jury instruction that the interest of the United States must be "substantial." Finally, defendant asserts that subsection (b) of 18 U.S.C. § 203 as applied to the defendant in Counts 2 and 3, is unconstitutionally vague. We agree with the trial court that the defendant's Motion for Arrest of Judgment should have been denied. We note that no objection was made as to the language of the indictment prior to trial, nor was objection made as to the instruction on Counts 2 and 3 at the time of trial.

■ Rule 12(f) of the Federal Rules of Criminal Procedure provides that "[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial ... shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." Rule 12(b)(2) provides that the objections based on defects in the indictment (other than that it fails to charge an offense) shall only be raised prior to trial. It is well established, however, that the failure of an indictment to state an offense is a fatal defect that may be raised at any time. *See United States v. Watkins*, 709 F.2d 475, 478 n. 2 (7th Cir.1983). Nonetheless, the countervailing interest in judicial efficiency requires that tardily-challenged indictments be construed liberally in favor of validity. *Id.* (citing *United States v. Pheaster*, 544 F.2d 353 (9th Cir.1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977)).

■ Rule 7(c)(1) of the Federal Rules of Criminal Procedure, demands that the indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged." It must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare his defense. Following conviction, the record of the case must be

* The Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

sufficient so as to enable the accused to subsequently avail himself of the form of jeopardy for future prosecution for the same offense. *See United States v. Janoe,* 720 F.2d 1156, 1159 (10th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984). Rule 7(c)(3) of the Federal Rules of Criminal Procedure provides that omission of citation is not grounds for dismissal of an indictment unless it misleads the defendant to his prejudice. *United States v. Wagstaff,* 572 F.2d 270, 272–73 (10th Cir.1978). *See also, United States v. Watkins,* 709 F.2d 475, 478 (7th Cir.1983) (indictment will be upheld unless challenged before trial, or it is so defective it does not charge an offense for which the defendant is convicted).

■ Our reading of the indictment convinces us that the indictment adequately apprised the defendant of the charges against him. The indictment specifically stated the dates and individual acts for which he was indicted. We find that the indictment does state an offense under 18 U.S.C. § 203(b). The omission of the sentence "in which the United States is a party or has a direct and substantial interest" did not have to do with a substantial element of the violation charged and cannot be found to prejudice the defendant. As an aside, we note that prior to trial, Freeman confessed to doing the acts alleged in the indictment.

We further reject Freeman's argument that there is a defect in the phrasing of the indictment. Freeman asserts that the service described in the indictment is not a service related to the statutory purpose of 18 U.S.C. § 203(b), that of preventing undue influence before a forum listed in the statute. We find that 18 U.S.C. § 203(b) clearly contemplates the offense charged. We find that the decision cited by the defendant, *United States v. Myers,* 692 F.2d 823, 855–58 (2d Cir.1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2437, 77 L.Ed.2d 1322 (1983) is not controlling and can be distinguished from the present case. The court in *Myers* did not address the issue of whether a violation could be charged only for services to be performed before the federal forums listed in the statute. In *Myers,* the court's interpretation was limited to construing § 203(a), without making any reference to the violation charged in § 203(b). We further find that the facts in *Myers* are inapposite to the facts at hand.

Freeman asserts that the instruction given to the jury as to the elements of Counts 2 and 3 were incorrect due to the addition of the word "influencing", and the exclusion of the element that "the interest of the United States must be substantial." Freeman argues that the trial court improperly instructed the jury on the law of bribery by citing the elements of 18 U.S.C. § 201 rather than the elements of 18 U.S.C. § 203(b). Freeman asserts that the error in the jury instructions prejudiced him by requiring him to advance defensive arguments not adduced by the evidence and by allowing the jury to convict him under a penal statute which was neither alleged by the government nor required to be found by the jury.

■ The government asserts that since Freeman did not raise objections to this instruction at trial, he has not preserved this issue for review by this court. *United States v. Martinez,* 776 F.2d 1481, 1484–85 (10th Cir.1985). We must agree. The defendant's submission of proposed instructions does not satisfy Rule 30 of the Federal Rules of Criminal Procedure. Rule 30 provides that "[n]o party may assign as error any portion of the charge or omission [of an instruction] unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection." Id.* (emphasis added). Freeman's failure to object to the alleged omission and addition in the instructions at trial precludes us from finding error unless the error cited is plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Mangieri,* 694 F.2d 1270, 1280 (D.C.Cir.1982). We do not find plain error in the instructions as given. In reviewing the jury instructions as part of the whole trial, we do not find that the addition of the word "influencing" and the omission of the term "substantial" misled

the jury or prejudiced the defendant by placing a greater burden upon him.

■ Freeman asserts that Title 18, United States Code, Section 203(b), as applied to the defendant in Counts 2 and 3 is unconstitutionally vague. Specifically, he alleges that 18 U.S.C. § 203(b) reaches only services to be performed before the federal forums listed in subsection (a). Freeman argues that an essential element of the violation of 18 U.S.C. § 203 is the performance of at least some service by the official which occurs before a particular commission or board. We disagree. We find that the statute only mandates that the government employee receive compensation, otherwise than as provided by law, with respect to a matter in which the government has an interest or is a party. We do not limit our interpretation of the statute to require that the government employee perform an illegal service. All that is needed to be proven under the statute is that "the official accepted, because of his position, a thing of value 'otherwise than as provided by law for the proper discharge of official duty.'" *United States v. Evans*, 572 F.2d 455, 480 (5th Cir.), *reh'g denied*, 576 F.2d 913 (5th Cir.), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). We find that 18 U.S.C. § 203(b) is not limited to federal employees appearing before the federal forums enumerated in § 203(a).

We agree with the district court that Freeman's Motion for Arrest of Judgment should have been denied.

AFFIRMED.