932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott BARKER, Defendant-Appellant.
 No. 90-4005.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Scott Barker appeals from his conviction on five counts of furnishing a false odometer statement in connection with the sale of five automobiles, in violation of 15 U.S.C. Secs. 1988(b) and 1990(c). He argues that a variance existed between the indictment, which alleged violations of both the statutes and certain sections of the Code of Federal Regulations, and some of the evidence offered at trial which, both parties agree, did not fully conform to the requirements of the Code of Federal Regulations. Barker concludes that since the government's case turned on documents that did not comply with the Code, the variance was fatal and we must reverse. He further argues that, absent the defective documents, the evidence was insufficient to support his conviction. We disagree and affirm.
 
 
 3
 The linchpin of Barker's case is the concept of a variance in proof between the offense charged in the indictment and the proof offered at trial. Barker, however, fundamentally misconstrues this concept. A simple variance occurs when the evidence at trial establishes facts that are different from those charged in the indictment. Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir.1990); United States v. Cardall, 885 F.2d 656, 670 (10th Cir.1989); United States v. Pinto, 838 F.2d 426, 433 (10th Cir.1988). When a variance is alleged, our key inquiry focuses "not [on] whether there has been a variance in proof, but [on] whether there has been such a variance as to 'affect the substantial rights' of the accused." United States v. Morris, 623 F.2d 145, 149 (10th Cir.), cert. denied, 449 U.S. 1065 (1980) (citations omitted). The relevant questions are whether Barker could have anticipated from the indictment what evidence would be presented against him at trial and whether a conviction based on the indictment would bar subsequent prosecution on the same matter. Id. If a variance exists but is harmless, we will affirm. See Hunter v. New Mexico, 916 F.2d at 598. We will determine that a variance is fatal, thus requiring reversal, only if it rises to the level of a constructive amendment. In such a case, "[the] specific inquiry is whether the jury was permitted to convict the defendant upon a set of facts distinctly different from that set forth in the indictment." Id. at 599 (citations omitted).
 
 
 4
 At the outset, we note that "[i]n interpreting an indictment, we are governed by practical rather than technical considerations." United States v. Phillips, 869 F.2d 1361, 1364 (10th Cir.1988), cert. denied, 490 U.S. 1069 (1990). We read the indictment as a whole, construing it with common sense and in light of its basic purpose of informing the defendant of the pending charges. Id. (citations omitted). Additionally, where as here, Barker has objected to evidence for the first time on appeal, "the court, in order to preserve judicial efficiency, must construe any ambiguities in the indictment in favor of validity." United States v. Phillips, 869 F.2d at 1365 (citations omitted). Accord United States v. Freeman, 813 F.2d 303, 304 (10th Cir.1987). Barker's failure to object to the documents at trial precludes us from reversing unless the admission of the evidence was plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. Id. at 305.
 
 
 5
 Barker contends that because the form of some of the evidence offered as proof at trial, odometer statements provided to him by the automobile auctions from which he procured the vehicles, did not fully comply with the requirements for odometer statements as specified by the sections of the Code of Federal Regulations cited in the indictment, a conviction based on these non-compliant documents cannot lie.
 
 
 6
 The indictment, though it does reference the Code of Federal Regulations, nowhere relies on its language or on the existence of a valid odometer statement within the meaning of the Code, for its basic allegation. Rather, the indictment explicitly spells out the nature of the offense with which Barker is charged, making clear that the crux of the matter is the false written statement of actual mileage on each vehicle, certified by Barker to his buyer. Plainly, the indictment put Barker on notice of the charges against him, regardless of whether the mileage statements provided by the auctions from which he purchased the vehicles complied with the odometer statement form specified by the Code of Federal Regulations. Equally clear is the fact that a conviction based on the indictment would preclude prosecution again on the same matter. We thus conclude that Barker was not prejudiced by any defect in form in the mileage statements he received at the time of purchase. Accordingly, we reject his argument for a fatal variance.
 
 
 7
 Casting Barker's argument in another light, he also seems to be arguing that because the mileage statements offered as proof at trial did not conform to the mandates of the Code of Federal Regulations, they constituted unreliable evidence and, therefore, should never have been admitted. Without the documents, Barker would conclude, the evidence is insufficient to convict. We simply do not find persuasive Barker's contention that the documents provided to Barker by the auction were so deficient as to be inadmissible.
 
 
 8
 "In evaluating the sufficiency of the evidence, we must view the evidence--both direct and circumstantial, together with all reasonable inferences to be drawn therefrom--in the light most favorable to the government." United States v. Hooks, 780 F.2d 1526, 1529 (10th Cir.), cert. denied, 475 U.S. 1128 (1986) (citations omitted). Applying this standard, we agree with the district court that the documentary evidence in combination with the testimony of the Department of Motor Vehicles representative and of Barker himself provided sufficient evidence to support the government's case, and the conviction, beyond a reasonable doubt.
 
 
 9
 The decision of the district court is, accordingly, AFFIRMED.