**UNITED STATES of America,
Plaintiff,**

v.

**Terri Denise EDWARDS,
et al., Defendant.**

No. 99–CR–168.

United States District Court,
E.D. Wisconsin.

Aug. 7, 2000.

Gail Hoffman, Asst. U.S. Atty., Milwaukee, WI, for U.S.

John T. Wasielewski, Milwaukee, WI, for defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

Defendant Terri Denise Edwards challenges the sufficiency of count 4 of the superseding indictment for failure to assert an essential element of the crime. Count 4 charges Edwards with money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.[1] The indictment accuses Edwards only of "conduct[ing] a financial transaction," in language recited from § 1956(a)(1). However, the indictment fails to allege that the transaction satisfied § 1956's definition of "financial transaction," which requires that the transaction affect interstate commerce. *See* § 1956(c)(4).

Magistrate Judge Callahan considered Edwards's motion and on March 15, 2000 issued both a recommendation that count 4 not be dismissed, and an order that the government specify which portions of § 1956(c)(4) the government intended to prove the transaction satisfied. (Docket # 196 at 42–47.) Edwards filed timely objections to the recommendation, and the government filed a response. I review the recommendation de novo. *See* 28 U.S.C. § 636(b)(1)(B).

## I. FACTUAL BACKGROUND

Edwards is one of sixteen defendants named in the nine-count superseding indictment. The text of count 4 is as follows:

---

1. The indictment is unclear whether the second-cited section in "18 U.S.C. §§ 1956(a)(1)(B)(i) and 2" is supposed to be § 1956(a)(2), or instead § 1956(a)(1)(B)(ii). The more natural reading is § 1956(a)(2), but that refers to international money laundering, which the indictment surely does not charge.

*COUNT FOUR*

THE GRAND JURY FURTHER CHARGES:

From on or about April 8, 1996, through April 24, 1996, in the Eastern District of Wisconsin,

TERRI DENISE EDWARDS [aliases omitted]; ZACHARY ORR

[aliases omitted]; CHARLES L. HORTMAN [aliases omitted], the defendants herein, conducted a financial transaction which, in fact, involved the proceeds of specified unlawful activity in the dealing of narcotics or other dangerous drugs, to wit, cocaine. . . . The financial transaction which Terri Edwards, Zachary Orr and Charles Hortman caused to be made was the payment of approximately $64,909.00 in U.S. currency to a Milwaukee, Wisconsin law firm.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

The language at issue is taken directly from § 1956(a)(1), which refers to a suspect who "conducts or attempts to conduct . . . a financial transaction which in fact involves the proceeds of specified unlawful activity."

For purposes of money laundering under § 1956, "financial transaction" is defined as:

(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which

---

I will presume that § 1956(a)(1)(B)(ii) was intended. In any event, an indictment's error in citation is not a ground for dismissal of the indictment so long as it does not mislead the defendant to the defendant's prejudice. *See* Fed.R.Crim.P. 7(c)(3).

affect, interstate or foreign commerce in any way or degree.

18 U.S.C. § 1956(c)(4).

Count 7 of the superseding indictment accuses Edwards of participating, on or about December 20, 1996, in "a financial transaction in or affecting interstate commerce." Like count 4, this count is a money laundering count and alleges that the money involved in the transaction was proceeds from the sale of cocaine; unlike count 4, it does not specify what the transaction was.

## II. LEGAL STANDARD

The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The indictment must charge fully and clearly each element of the crime charged. *See Jones v. United States,* 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *Almendarez–Torres v. United States,* 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).[2] The indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The grand jury's role is to determine whether there is probable cause to believe a crime has been committed and to protect citizens against unfounded criminal prosecutions. *See United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). An indictment re-

turned by a legally constituted and unbiased grand jury, if valid on its face, is all that the Fifth Amendment requires; the court will not second-guess whether the grand jury had sufficient evidence. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

A defendant may object at any time during the pendency of the proceedings that the indictment fails to charge an offense. *See* Fed.R.Crim.P. 12(b)(2). Nonetheless, tardily challenged indictments are construed liberally in favor of validity. *See United States v. Watkins,* 709 F.2d 475, 478 n. 2 (7th Cir.1983) (citing *United States v. Pheaster,* 544 F.2d 353 (9th Cir.1976)).

The government contends that all indictments are presumed to be valid. It relies upon a case brought in this district in which the court, although concerned about the quality and quantity of consideration that the grand jury could have given to an 82–page indictment during the time that it deliberated, nonetheless refused to dismiss the indictment, on the grounds that an indictment is presumed to be valid on its face and that there is a strong presumption of regularity in all grand jury proceedings. *See United States v. Van Engel,* 809 F.Supp. 1360, 1366 (E.D.Wis.1992) (Evans, C.J.), *rev'd on other grounds,* 15 F.3d 623 (7th Cir.1993).

The government's argument misconceives the roles of grand jury and judge. *Van Engel* merely indicates that a grand jury's completing its deliberations quickly, perhaps even hastily, does not override the presumption that it lawfully fulfilled its responsibilities. The Supreme Court decision cited by then-Chief Judge Evans con-

**2.** The government correctly observes that Edwards's reliance on *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), is misplaced. In that case, the indictment accused the defendant of extorting interstate delivery of sand, while the evidence at trial proved that the defendant had extorted interstate delivery of steel. *Stirone's* rule is simply that the government may not convict a defendant of a different crime than charged in

the indictment. Edwards's contention is instead that count 4, by virtue of not charging all elements of a crime, does not charge a crime at all. *See United States v. Green,* 964 F.2d 365, 373–74 (5th Cir.1992) (holding *Stirone* inapplicable where defendant alleged that indictment failed to state a money laundering offense under § 1956 because it did not allege that the transaction affected interstate commerce).

firms the deference that is due to the grand jury's deliberations over whether to issue an indictment; the sufficiency of the grand jury's evidence and proceedings may not be reviewed *"if* [the indictment is] valid on its face." *Costello,* 350 U.S. at 363, 76 S.Ct. 406 (emphasis added), *cited in Van Engel,* 809 F.Supp. at 1366.

■■ But an allegation that the indictment fails to charge all elements of the crime is not an allegation of irregularities in the grand jury's proceedings. "[W]hether the attempt of the draftsman for the Grand Jury in Mississippi has been successful [is tested by whether] the indictments charge offenses against the various defendants which may be prosecuted under the designated federal statutes." *United States v. Price,* 383 U.S. 787, 791, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Whether an indictment successfully charges a federal offense is a question of law. The grand jury's draftsman is typically a prosecutor, not a member of the grand jury. To require judges to presume that indictments allege all elements of the crimes that they charge would require judges to defer to prosecutors on questions of law regarding defendants' rights under the Constitution. I therefore reject the government's suggestion. I apply a de novo, rather than deferential, review of whether the indictment fully and clearly states each element of the crime charged.

## III. DISCUSSION

■ The first question is whether affecting interstate commerce is an element of money laundering under 18 U.S.C. § 1956. The Seventh Circuit has summarized the elements of money laundering under § 1956 in this way:

To convict a defendant on a money laundering count, the government is required to demonstrate that the defendant (1) conducted a financial transaction affecting interstate commerce with property representing the proceeds of some illegal activity; (2) knew the property represented illegal proceeds; and

(3) conducted the transaction with the intent of promoting the unlawful activity.

*United States v. Masten,* 170 F.3d 790, 797 (7th Cir.1999) (citing *United States v. Emerson,* 128 F.3d 557, 561 (7th Cir.1997)). If there is no interstate commerce there is no federal jurisdiction. "Because Congress prohibited money laundering only when the individual financial transaction at issue affects interstate or foreign commerce, proof of a nexus with interstate or foreign commerce is an essential element of the crime of money laundering." *United States v. Goodwin,* 141 F.3d 394, 401 (2nd Cir.1997); *accord, United States v. Heater,* 63 F.3d 311, 318 (4th Cir.1995); *United States v. Grey,* 56 F.3d 1219, 1224 (10th Cir.1995).

■ The magistrate judge's recommendation noted that the Seventh Circuit's pattern jury instruction for § 1956(a)(1)(B)(i) uses the term "financial transaction" but does not refer to an effect on interstate commerce. (Recomm. at 44). The recommendation reasoned that because the jury would need to be instructed at trial, and would need to determine whether, beyond a reasonable doubt, the transaction had an effect on interstate commerce, it would necessarily need to determine whether Edwards had engaged in a "financial transaction" as defined in § 1956; but that because the pattern instruction for § 1956(a)(1)(B)(i) does not define "financial transaction" as having an effect on interstate commerce, such an effect is not an element of the offense. (Recomm. at 45.)

■ To be sure, every element of the crime must be presented to the jury and proven beyond a reasonable doubt, *see Jones,* 526 U.S. at 232, 119 S.Ct. 1215, but this requirement is in addition to the indictment's including every element, not instead of it, *see id.* The Seventh Circuit's pattern jury instructions for money laundering do provide detailed instructions for individual subsections of § 1956, including

§ 1956(a)(1)(B)(i), but they also separately define the terms used in § 1956. *See* Committee on Fed. Jury Instructions of the Seventh Circuit, *Federal Criminal Jury Instructions of the Seventh Circuit: 1999* 308 (West 1999) (defining "financial transaction" for purposes of § 1956 as having an effect on interstate commerce). The pattern instructions are explicit that "[m]any instructions require the giving of additional or accompanying instructions." *Id.* at 1. Thus, the mere fact that the pattern jury instruction for § 1956(a)(1)(B)(i) does not specify that the charged transaction must have an effect on interstate commerce does not imply that such an effect is not an element of the crime. To the contrary, both the pattern instruction for § 1956 defining "financial transaction" and *Masten* clearly indicate that an effect on interstate commerce is an element of money laundering under § 1956.

■■■ I therefore must determine whether the indictment fully and clearly charges the interstate commerce element of the offense. *See Hamling,* 418 U.S. at 117, 94 S.Ct. 2887. Count 4 alleges that, while in Wisconsin, Edwards caused a Wisconsin law firm to be paid in cash. The count makes no reference to an effect on interstate commerce. This case is thus on all fours with *Grey,* 56 F.3d at 1223–26. The Tenth Circuit there reversed a money laundering conviction resting on the defendant's paying $200 in cash to feed the pot in an illegal gambling game. The court rejected the government's speculation that the particular cash the defendant paid might have traveled in interstate commerce, holding that the government bore the burden of establishing by evidence that the transaction affected interstate commerce. *See id.* at 1225. Likewise, the court held that Congress's granting it jurisdiction over money laundering transac-

tions affecting interstate commerce did not authorize it to assume jurisdiction over all money laundering transactions involving Federal Reserve banknotes (and observed that even Congress might not constitutionally be able to grant it such power). *See id.* at 1226. This case is also similar to *United States v. Locklear,* 97 F.3d 196, 199 (7th Cir.1996), where the Seventh Circuit held that an indictment for passing counterfeit M & I Bank cashier's checks was "clearly insufficient" because it failed to allege, as required under the criminal statute, that M & I Bank was a lending institution authorized or acting under the laws of the United States.

The facts of this case distinguish it from the indictments in two other money-laundering cases, *United States v. Lucas,* 932 F.2d 1210, 1219 (8th Cir.1991), and *Green,* 964 F.2d at 374. In *Lucas,* the Eighth Circuit found that because the charged transactions expressly related to the construction of a shopping mall, they sufficiently indicated an effect upon interstate commerce as an "inevitable incident," especially in light of the defendants' failure to raise the objection until after the close of the government's case in chief. *Lucas,* 932 F.2d at 1219 (citing *Pheaster,* 544 F.2d at 361, for the proposition that a tardily challenged indictment is liberally construed in favor of validity). And in *Green,* the transactions were checks drawn on bank accounts, and defense counsel and the Fifth Circuit panel deciding the case agreed that none had ever heard of a bank that did not affect interstate commerce in some way. *See Green,* 964 F.2d at 374. Because the indictment in this case alleges only that Edwards caused an in-state payment of cash, it does not imply that the transaction affected interstate commerce, even as an "inevitable incident." *Lucas,* 932 F.2d at 1219.[3] More importantly, the indictment does not fully and clearly allege

---

**3.** Because interstate commerce is not an inevitable incident of an in-state payment of cash, I need not address *Lucas* 's suggestion that it is sufficient for the indictment to imply elements of the offense, in light of the Supreme

Court's requirement that "the elements of the offense [must be] fully and clearly set out in the indictment." *Miller,* 471 U.S. at 136, 105 S.Ct. 1811.

that the transaction affected interstate commerce. *See Miller,* 471 U.S. at 136, 105 S.Ct. 1811. The indictment thus fails to charge all elements of the offense. *See Jones,* 526 U.S. at 232, 119 S.Ct. 1215.

The government observes that the indictment's "financial transaction" language is taken directly from the relevant clause of § 1956(a)(1). To be sure, it is generally sufficient for the indictment to set forth the offense in the words of the statute itself. *See United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1881); *United States v. Torres,* 191 F.3d 799, 805 (7th Cir.1999). But this general statement does not on its own satisfy the requirement that the indictment must charge every element of the crime. *Carll* and *Torres* are explicit that the indictment's reciting the words of the statute is sufficient only so long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth *all* the elements necessary to constitute the offence intended to be punished." *Carll,* 105 U.S. at 612 (emphasis added); *Torres,* 191 F.3d at 805. Here, the indictment utterly fails to recite any words from § (c)(4) of the statute, referring to an effect on interstate commerce; and as discussed above, such an effect is an element required for a conviction under § (a)(1). *See* § 1956(c)(4); *Masten,* 170 F.3d at 797. On that basis, the indictment's using language from part of the statute does not satisfy the requirement that it fully, directly, and expressly set forth all the elements of the offense.

The government's next argument is based on the observation that a different money laundering count, count 7, does accuse Edwards of conducting a "financial transaction in or affecting interstate commerce." Because the grand jury approved this count, there is a very strong presumption that the grand jury considered whether the December 1996 transaction charged in count 7 affected interstate commerce. The government contends that the presumption of regularity in grand jury pro-

ceedings, required by *Costello* and *Van Engel,* compels a conclusion that the grand jury also considered whether the April 1996 transaction charged in count 4 affected interstate commerce.

There are at least two difficulties with this argument. First, as discussed above, *Costello* and *Van Engel* merely indicate that the grand jury is presumed lawfully to fulfill its duties. These duties include determining whether there is sufficient evidence to support each count of the indictment as it was drafted by the prosecutor. The presumption of regularity does not imply that a grand jury would import elements stated in one count of an indictment into a separate count alleging a separate violation of the same statute. Second, the underlying Fifth Amendment requirement is that the indictment must fully and clearly charge each element of the crime. In reviewing an indictment, a court should "consider each challenged count as a whole." *United States v. Palumbo Bros., Inc.,* 145 F.3d 850, 860 (7th Cir.1998) (quoting *United States v. McNeese,* 901 F.2d 585, 602 (7th Cir.1990) (quotation marks omitted)). The indictment's charging Edwards in count 7 with a December 1996 transaction that affected interstate commerce in no way remedies its failing fully and clearly to charge in count 4 that her April 1996 transaction affected interstate commerce.

Finally, the government emphasizes that, pursuant to the magistrate judge's order, it has now provided Edwards with a bill of particulars indicating which particular subpart of § 1956(c)(4) that it will contend at trial that the transaction satisfied. However, it is a settled rule that a bill of particulars cannot save an invalid indictment. *See Russell v. United States,* 369 U.S. 749, 760, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The Fifth Amendment requires that the grand jury consider whether there is evidence to support all elements of the crime charged, and that the indictment allege all elements, not that the grand jury consider and the indictment allege some

elements, with the government permitted to assert later in a bill of particulars that it will prove the remaining elements at trial.

NOW, THEREFORE, IT IS HEREBY ORDERED that the magistrate judge's recommendation regarding Terri Denise Edwards's motion to dismiss count 4 of the superseding indictment (docket # 196 at 45 and 77) is NOT ADOPTED; that Edwards's motion (docket # 138) is GRANTED; and that count 4 of the superseding indictment is DISMISSED as to defendant Terri Denise Edwards.