**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HARLEY BARFOOT,

      Plaintiff-Appellant,

v.

PUBLIC SERVICE COMPANY OF
COLORADO, d/b/a XCEL ENERGY,

      Defendant-Appellee.

No. 09-1186
(D.C. No. 1:08-CV-00071-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

Plaintiff Harley Barfoot appeals from the district court's entry of summary

judgment in favor of his former employer, defendant Public Service Company of

Colorado (the Company), on his claims for unlawful discrimination under the

Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Age

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.[1]  We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    FACTS AND PROCEDURAL HISTORY

"We review the district court's grant of summary judgment de novo,

applying the same standards as the district court."  *Reinhardt v. Albuquerque Pub.*

*Schs. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010).  "Summary judgment is

appropriate 'if the pleadings, the discovery and disclosure materials on file, and

any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law.'"  *Id.* (quoting

Fed. R. Civ. P. 56(c)(2)).  Consistent with this standard, "our review of a grant of

summary judgment is limited to the record before the trial court at the time it

made its ruling."[2]  *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491,

1502 n.12 (10th Cir. 1994).  We view the facts from the district court record in

the light most favorable to Mr. Barfoot, the nonmoving party.  *See Scott v.*

*Harris*, 550 U.S. 372, 380 (2007).

Mr. Barfoot began work in 1982 at the Company's coal-fired Cameo

Station electric generating power plant in Palisade, Colorado.  In 1997 he was

---

[1]In a third claim Mr. Barfoot asserted that the Company retaliated against him for asserting ADA and ADEA claims, as well as for having filed a workers' compensation claim.  His retaliation claim was dismissed without prejudice by stipulation of the parties in district court, and is not at issue on appeal.

[2]For this reason, we have not considered the new evidentiary assertions included in Mr. Barfoot's briefs.

assigned the newly created job title of "Plant Specialist A" (PSA) and chose to work in the operations department inside the plant. One of the functions of the PSA job was "to pull dry bottoms" by removing the ash and clinkers from the base of the boiler. R., Vol. 1, Part 2 at 258. This was a normal function for the PSAs working in the plant, but was sometimes assigned to other PSAs. It was "hot, dirty and strenuous work" that was ordinarily performed by employees in pairs for safety. *Id.* While pulling dry bottoms, Mr. Barfoot injured his elbow in 2000 and injured his back in 2001. After surgery on his elbow, he was on light duty for a few months, but he did not have any permanent restrictions.

Mr. Barfoot spent the last 15 months of his employment (from January 1, 2004, until March 31, 2005) working as a coal handler. Management retained the discretion to assign PSAs to that task, and Mr. Barfoot had asked to be assigned to coal works.

In October 2004 Mr. Barfoot was referred for a functional capacity evaluation. This resulted in his doctor's setting out 13 or 14 permanent restrictions on his work, including that he avoid pulling dry bottoms. Charles Hogue, the Cameo manager, first learned of Mr. Barfoot's new restrictions on March 7, 2005, and held an accommodation meeting with Mr. Barfoot and others. The meeting concluded that Mr. Barfoot could not be accommodated to perform all the essential duties of the job of a PSA. Mr. Barfoot was later granted long-term-disability benefits.

Mr. Barfoot filed a complaint and an amended complaint asserting claims of discrimination. He alleged that the Company had improperly forced him to take long-term disability in March 2005 (when he was 55 years old), even though he had been successfully performing his coal-handling job for 15 months despite his restrictions. In his view, other PSA duties, such as pulling dry bottoms, were not essential duties of his job. He thought of coal handling as a separate position because employees were doing it as a full-time job. The Company asserted, however, that coal handling was an assignment, not a posted job, and that the assignment to Mr. Barfoot was temporary. Mr. Barfoot admitted that Mr. Hogue had told him that the assignment was temporary and that he would have to rotate back to an inside job.

The Company moved for summary judgment. At the conclusion of the hearing the district court granted the motion. The court rejected Mr. Barfoot's ADA claim, ruling that he had failed to show "that the employer . . . regarded him as disabled with respect to any major life activity." Supp. R., Vol. 1 at 27. And the court reasoned that Mr. Barfoot's ADEA claim failed because his only evidence of discrimination was that Rusty Leach had been treated differently, but Mr. Barfoot had "not shown that Rusty Leach [was a] similarly situated, younger employee." *Id.* at 28.

## II.   DISCUSSION

Mr. Barfoot was represented by counsel throughout the district-court proceedings, but he appears in this court pro se.  We therefore have construed his appellate filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), and "have tried to discern the kernel of the issues [ ]he wishes to present on appeal," *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).  Mr. Barfoot states that he "will point out, according to the definition of the ADA, where the Defendant violated the plaintiffs rights, and caused him to be discriminated against according to the definitions of the ADA and ADEA."  Aplt. Opening Br. at 23 (full capitalization omitted).  We read his briefs to raise sufficiently the following two issues:  (1) with respect to his ADA claim, that the Company regarded him as disabled in the major life activity of working; and (2) with respect to his ADEA claim, that Rusty Leach and other coworkers were similarly situated, younger employees who were accommodated for their restrictions instead of losing their jobs.[3]

### A.   ADA Claim

"In this circuit, a person is regarded as disabled when (1) a covered entity mistakenly believes that a person has a physical impairment that substantially

---

[3]   In the absence of extraordinary circumstances not present here, we generally do not consider arguments raised for the first time on appeal.  *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n.22 (10th Cir. 1995).  Therefore, we do not consider Mr. Barfoot's new claim for intentional infliction of emotional distress.

limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1219 (10th Cir. 2010) (brackets and internal quotation marks omitted). "To establish an ADA disability under [42 U.S.C. § 12102(2)](A), our precedent indicates that a plaintiff must articulate with precision both [his] impairment and the major life activity it substantially limited." *Id.* at 1218 (internal quotation marks omitted).

Mr. Barfoot appears to argue on appeal that the relevant major life activity is working. But even though working is a major life activity, the performance of an individual job or a small group of jobs is not. *See Dillon v. Mountain Coal Co., L.L.C.*, 569 F.3d 1215, 1218 (10th Cir. 2009) ("a plaintiff must demonstrate that his employer regarded him as significantly restricted in performing either (1) a class of jobs; or (2) a broad range of jobs in various classes"), *cert. denied*, 130 S. Ct. 1285 (2010); 42 U.S.C. § 12102(2)(A). Mr. Barfoot has not identified a class of jobs or broad range of jobs that the Company believed him to be substantially limited in performing. He has pointed only to the Company's belief that he could not perform the job of a PSA. We affirm the district court's grant of summary judgment to the Company on Mr. Barfoot's ADA claim.

**B.    ADEA Claim**

We review de novo the district court's conclusion that Mr. Barfoot failed to show that Rusty Leach was a similarly situated coworker who was treated

-6-

differently. *See Thomas v. IBM*, 48 F.3d 478, 484-85 (10th Cir. 1995). Mr. Barfoot was required to show "that comparable employees who were not in a protected age category did not receive comparable adverse employment action." *Id.* at 485. His appellate briefs make numerous factual allegations, but he fails to "direct us to the location in the voluminous record where we can find support" for his contention that Mr. Leach was a similarly situated, younger coworker. *Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005). In the absence of such assistance, "we will not sift through the record to find [evidentiary] support for this argument." *Id.* "[T]he court cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In addition, we will not consider Mr. Barfoot's new assertion regarding other former coworkers, because this assertion was not presented to the district court. *See Smith*, 50 F.3d at 814 n.22; *Magnum Foods*, 36 F.3d at 1502 n.12. Hence, we affirm the district court's grant of summary judgment to the Company on Mr. Barfoot's ADEA claim.

AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge